UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WINKLEVOSS CONSULTANTS, INC., <br>     Plaintiff, <br><br>     v. <br><br> CVS PHARMACY, INC., <br>     Defendant. | No. 3:12-cv-471 (SRU) |

### RULING ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

Plaintiff Winklevoss Consultants, Inc. ("WCI") brought this breach of contract action against defendant CVS Pharmacy, Inc. ("CVS") alleging that CVS improperly repudiated a written client-services agreement between the parties by failing to comply with the agreement's cancellation provision. CVS answered the complaint and counterclaimed for breach of contract and negligence. CVS now moves for leave to amend to assert an additional counterclaim for breach of fiduciary duty based on certain newly-revealed facts uncovered during discovery. For the reasons that follow, CVS's motion (doc. # 49) is GRANTED.

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, courts generally allow a party to amend its pleadings unless there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been

to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Here, CVS's proposed amendment satisfies the above standards. Although there has been some delay, this case is still in its early stages, and, in any event, CVS has offered a satisfactory explanation for the belated filing: the factual premise for its proposed breach of fiduciary duty counterclaim was only recently uncovered during discovery. CVS acted in good faith and with reasonable promptness once the grounds for that claim were made known.

WCI argues, however, that the amendment should be denied on grounds of futility and because the proposed counterclaim will expand the scope of discovery, resulting in undue prejudice. Neither argument has merit.

WCI's futility arguments are largely predicated on extrinsic documents, testimony and facts culled from discovery. In assessing futility under Rule 15(a), however, the court's inquiry is limited to the allegations contained in the pleadings, which must be assumed true at this stage of the litigation. *See A. ex rel. A. v. Hartford Bd. of Educ.*, No. 3:11-cv-1381(CSH), 2012 WL 3887020, at *4 (D. Conn. Sept. 6, 2012) ("[T]he Court cannot consider facts outside the pleadings in considering the futility of an amendment."). The arguments WCI raises here are better suited for the summary judgment stage, and must be rejected at this time as premature.

Moreover, the fact that additional discovery may be needed on CVS's proposed counterclaim is not, in itself, grounds for denying leave to amend. *See Pasternack v. Laboratory Corp. of Am.*, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading[.]") (internal quotation omitted). While additional discovery may result in some

inconvenience and additional expense, WCI has failed to demonstrate that any *undue* prejudice would result from the allowance of CVS's amended counterclaim.

For these reasons, CVS's motion for leave to amend (doc. # 49) is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut this 4th day of June 2013.

  /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge